GAIDRY, J.
| gin this case, plaintiff appeals a trial court judgment failing to award damages after the trial court found that the defendant breached a contract between the parties. For the following reasons, we affirm.
FACTS AND PROCEDURAL HISTORY
This dispute involves a contract between plaintiff, Emergency Physicians Association (“EPA”), and defendant, Our Lady of the Lake Regional Medical Center (“OLOL”). Pursuant to the contract, EPA operated the emergency room at OLOL for a number of years. The contract automatically renewed each year for an additional one-year term unless terminated by the parties. Either party could terminate the contract by providing written notice of *82 intent to terminate to the other party at least sixty days prior to the expiration of the current contract term. The contract between the parties also contained the following confidentiality clause:
IV. Confidentiality of Contract
During the term of this Agreement and any renewals or other extensions thereof, the Hospital will not discuss this Agreement or any similar agreement with any emergency room physician of the Partnership except those designated herein. Any similar agreement is defined to mean any agreement to render services in the Emergency Care Unit of the Hospital. However, through mutual written agreement, prior to any initial discussion with contracted emergency room physicians, the Hospital may contact any contracted emergency room physician.
On October 26, 1982, OLOL’s hospital administrator, Robert Davidge, sent a letter of termination to Dr. Roland Louque, a partner at EPA. The letter stated that to comply with new federal rules, OLOL needed to renegotiate the existing contract with EPA so that OLOL was no longer subsidizing EPA.[1] The parties entered into negotiations for a new contract to take effect January 1, 1983; however, by December, the parties were no ^longer communicating and the negotiations concluded without a new agreement being reached. OLOL had also been discussing a potential contract for operation of the emergency room with Spectrum Emergency Care, a large out-of-state emergency room operator. Two EPA physicians, Dr. Larry Leventhal and Dr. Thomas Miceli, were approached by Spectrum about possible employment. Sensing their jobs were in jeopardy, Drs. Leventhal and Miceli made an offer to OLOL to take over the operation of the emergency room. OLOL accepted their offer, and Drs. Leventhal and Miceli took over the OLOL emergency room on January 1, 1983.
EPA filed suits against OLOL and Drs. Leventhal and Miceli.[2] EPA’s suit against OLOL alleged that OLOL breached the confidentiality clause of its contract by negotiating with Drs. Leventhal and Miceli during the term of its contract with OLOL. For trial, the case was bifurcated into liability and damages for trial. After a bench trial, the trial court held that OLOL had violated the terms of its contract with EPA by accepting the proposal submitted by EPA member doctors Leventhal and Miceli during the term of OLOL’s contract with EPA. In so ruling, the trial court found that the purpose of the confidentiality clause was to prevent the very activity which occurred. However, the trial court also found that the EPA-OLOL contract had been cancelled timely and properly by OLOL and that a new contract would not have been confected between OLOL and EPA. The trial court denied EPA’s request for compensatory damages, but awarded EPA $60,000.00 in non-pecuniary damages for a breach that was “willful and amounted to an independent tort.”
OLOL appealed this judgment. This court affirmed the denial of compensatory damages and reversed the award of exemplary damages. Emergency Physicians Association v. Our Lady of the Lake Regional Medical Center, 92-2090 (La.App. 1 Cir. 2/11/94), 635 So.2d 1148. The supreme court reversed in a per curiam, stating:
*83 The parties in the instant ease stipulated, and the trial court ordered, that the trial of this matter would be bifurcated as to the issues of liability and damages_The plaintiff has successfully litigated the issue of liability and is entitled, under LSA-C.C.P. Article 1562(A), to a trial on the issue of damages.
Therefore, the judgments of the lower courts, only insofar as they relate to the issue of damages, are vacated, and this matter is remanded to the trial court for trial on the issue of damages.
Emergency Physicians Association v. Our Lady of the Lake Regional Medical Center, 94-1268 (La.9/16/94), 642 So.2d 179.
After a trial on damages, the trial court found that EPA was entitled to neither pecuniary nor non-pecuniary damages and dismissed EPA’s suit. The instant appeal followed.
DISCUSSION
Two types of damages are recognized under the law: pecuniary or economic damages, and non-pecuniary damages. In analyzing EPA’s claim for damages, we must look to the contract. Corbello v. Iowa Production, 2002-0826, p. 8 (La.2/25/08), 850 So.2d 686, 695. The obvious intent of the confidentiality clause was to prevent OLOL from hiring away EPA’s physicians, causing EPA to lose the contract. Since OLOL had already terminated the contract with EPA and the parties were no longer negotiating with each other, EPA could not have suffered any sort of economic loss as a result of OLOL’s breach.
At the time of the breach in this case, Louisiana Civil Code article 1934 governed the recovery of non-pecuniary damages[3]:
|fi(3).. .Where the contract has for its object the gratification of some intellectual enjoyment, whether in religion, morality or taste, or some convenience or other legal gratification, although these are not appreciated in money by the parties, yet damages are due for their breach; a contract for a religious or charitable foundation, a promise of marriage, or an engagement for a work of some of the fine arts, are objects and examples of this rule.
Whether a contract is meant to gratify some intellectual enjoyment is a question of fact, subject to the manifest error/clearly wrong standard of review. See Heath v. Brandon Homes, Inc., 36,184 (La.App. 2 Cir. 8/14/02), 825 So.2d 1262, 1268-69. The contract at issue in this case was clearly not meant to gratify some intellectual enjoyment; it was a business contract, pure and simple. Given the circumstances of this ease, the trial court’s decision not to award damages to EPA for OLOL’s breach of contract was not manifestly erroneous or clearly wrong.
DECREE
The February 25, 2005 judgment of the trial court dismissing EPA’s claims for damages is affirmed. Costs of this appeal are to be borne by plaintiff, EPA.
AFFIRMED.

. Under the old contract, OLOL billed for services provided by EPA in the emergency room and then remitted all funds collected to EPA. OLOL also paid (subsidized) EPA for the non-collectible bills.

. The suit against Drs. Leventhal and Miceli was settled.

. Non-pecuniary damages for breach of contract are currently governed by Louisiana Civil Code article 1998, which provides that non-pecuniaiy damages are only recoverable for a breach of contract where the contract was intended to gratify some non-pecuniary interest of a party or where the breaching party intended by his breach to aggrieve the feelings of the other party. Article 1998 did not become effective until January 1, 1985, several years after the breach at issue in this case.